UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CLEVELAND WINSTON KILGORE-BEY,
*as next friend, Ismael Zambada Garcia aka* El Mayo,

                Petitioner,

    -against-

WARDEN HERIBERTO TELLEZ, *et al.*,

                Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

24-CV-6877 (NRM)

**NINA R. MORRISON**, United States District Judge:

    Petitioner Cleveland Winston Kilgore-Bey ("Kilgore-Bey") brings this *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, seeking to proceed as "next friend" to Ismael Zambada Garcia also known as "El Mayo" ("Garcia"), a pre-trial detainee being held at the Metropolitan Detention Center, in connection with a criminal action in this court. *See USA v. Beltran-Leyva et al.*, No. 09-CR-0466 (BMC) (RML). Kilgore-Bey paid the $5.00 filing fee. For the reasons discussed below, the petition is dismissed.

### STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should

1

not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

A petition for writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. "It is possible for a 'next friend' to seek *habeas corpus* relief on behalf of another person who is in custody." *Rodriguez v. Orange Cnty. Corr. Facility*, No. 1:23-CV-0242 (JGK), 2023 WL 317692, at *3 (S.D.N.Y. Jan. 19, 2023). When the petition is brought by a person other than the prisoner, that "next friend" must demonstrate that he or she has standing to act on the prisoner's behalf. As the Supreme Court has explained:

> First a "next friend" must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

2

*Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) (internal citations omitted). Thus, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

In this case, Kilgore-Bey seeks Garcia's immediate release, but fails to present any facts explaining why Garcia, who is represented by counsel in his criminal action, is unable to assert his own rights. Additionally, Kilgore-Bey has not demonstrated that he knows Garcia, has a significant relationship with him, or is "truly dedicated to [Garcia's] best interests." *Whitmore*, 95 U.S. at 163. *See also Rodriguez*, 2023 WL 317692, at *3 (denying "next friend" standing where "there is nothing included in the present petition showing why Petitioner is unable to seek such relief for himself, why the proposed next fried is dedicated to Petitioner's cause, or what relationship, if any, the proposed next friend has with Petitioner"); *Pritchard v. Jones*, No. 24-CV-1103 (SVN), 2024 WL 3595923, at *2 (D. Conn. July 31, 2024) (denying "next friend" standing where "petition includes no information showing how this description supports a significant relationship with [petitioner]").

Thus, the Court lacks jurisdiction to consider this petition. *See Vassel v. Toulon*, No. 18-CV-2238 (KAM), 2018 WL 2766142, at *2 (E.D.N.Y. June 8, 2018) (finding that party had "not met his burden establish the propriety of his status to appear as 'next friend' and that [he] lack[ed] standing to bring a habeas corpus application on behalf of petitioner"); *Wang v. City of New York*, No. 08-CV-04258 (DLI), 2009 WL 705966, at *1 (E.D.N.Y. Mar. 16, 2009) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason

or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." (alteration in original) (quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)).

## CONCLUSION

Accordingly, for the reasons set forth above, Cleveland Winston Kilgore-Bey may not file the instant habeas corpus petition as "next friend" to Ismael Zambada Garcia also known as "El Mayo," and, therefore, the petition for a writ of habeas corpus is dismissed without prejudice.

A certificate of appealability shall not issue, as petitioner has not made a substantial showing of the denial of constitutional right. *See* 28 U.S.C. § 2253. Although the filing fee was paid to commence this action, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of Court is respectfully directed to close this case, and to mail a copy of this Order to Cleveland Winston Kilgore-Bey, noting the mailing on the docket.

SO ORDERED.                         */s/ Nina R. Morrison*
                                    NINA R. MORRISON
                                    United States District Judge

Dated: December 19, 2024
       Brooklyn, New York

4